# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KAREN WHELAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-15-129-R |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Commissioner of the Social | ) |  |
| Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is a Report and Recommendation by United States Magistrate Judge Shon T. Erwin entered January 22, 2016, Doc. No. 17, and Defendant's Objection to the Report and Recommendation, Doc. No. 18. The Magistrate Judge recommended that the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act be reversed and remanded. The Magistrate Judge concluded that the Commissioner's residual functional capacity (RFC) determination concerning Plaintiff's physical impairments was not supported by substantial evidence due to the ALJ's selective review of the medical record and failure to consider significantly probative evidence concerning Plaintiff's fibromyalgia and migraine headaches. The Magistrate Judge found that the reasons offered by the ALJ for discounting Plaintiff's fibromyalgia are not supported by substantial evidence in the record and that the ALJ failed to discuss significantly probative evidence related to Plaintiff's fatigue, finding some of the ALJ's statements

inaccurate or a misstatement of the record. In addition, the Magistrate Judge found that the ALJ ignored substantial evidence in the record concerning Plaintiff's migraine headaches and that his dismissal of her migraines and failure to include any limitation in the RFC for them were erroneous and contradicted by overwhelming contrary evidence. Additionally, the Magistrate Judge found error in the ALJ's credibility analysis in which he discounted Plaintiff's complaints of disabling fatigue and pain based essentially solely on her activities of daily living. Finally, the Magistrate Judge found that the ALJ did not fail to include mental limitations in the RFC assessment or in the hypotheticals posed to the Vocational Expert (VE) and that the ALJ did not err in giving great weight to Dr. Cummings' opinion as to Plaintiff's mental limitations.

Defendant objects to the Report and Recommendation, contending that the Magistrate Judge merely engaged in an impermissible reweighing of the evidence. Defendant then lists a litany of physical findings considered by the ALJ or which are at least in the administrative record, most of which do not relate to fibromyalgia or migraine headaches. Defendant concludes that the ALJ reasonably considered the medical evidence in determining Plaintiff's RFC. Defendant also maintains that the ALJ gave legally sufficient reasons for his credibility determination, referring in particular to the effectiveness of treatment for Plaintiff's musculoskeletal and headache symptoms as well as to Plaintiff's daily activities.

The Court has exhaustively combed the record. The Court agrees with the Magistrate Judge that the ALJ's RFC determination is not supported by substantial evidence due to the ALJ's selective review of the record and failure to consider

significantly probative evidence concerning the Plaintiff's fibromyalgia and associated fatigue and her migraine headaches, evidence which the Magistrate Judge has cited in his thorough Report and Recommendation. The ALJ's findings and citations to the medical evidence concerning Plaintiff's fibromyalgia and associated fatigue and her migraine headaches are overwhelmed by contrary evidence in the record.

The Court further agrees with the Magistrate Judge's analysis of the ALJ's credibility determination and that the rationales given by the ALJ for discounting Plaintiff's credibility, *see* Report and Recommendation at pp. 13-14, are insufficient. An ALJ may not rely on minimal daily activities as substantial evidence that the claimant does not suffer from disabling pain. *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987). Other rationales offered by the ALJ to discount the credibility of Plaintiff's complaints of disabling pain and fatigue are not supported by the record, as explained by the Magistrate Judge. *See* Report and Recommendation at pp. 14-15.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, the decision of the Commissioner of the Social Security Administration is REVERSED and this case is REMANDED for further proceedings consistent with the Report and Recommendation.

IT IS SO ORDERED this 12th day of February, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE