# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN WHELAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-129-R |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. **(ECF No. 21)**. Specifically, Plaintiff seeks an award of attorney's fees in the amount of $7,071.20. (ECF No. 21:2). Defendant objects to any award of attorney's fees, arguing that her position was "substantially justified." The Court should reject Defendant's argument and **GRANT** an award of fees to Plaintiff in the amount requested.

## I. ATTORNEY FEES AUTHORIZED UNDER THE EAJA

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS ENTITLED TO FEES UNDER THE EAJA

For two reasons, the undersigned recommended reversal of the Commissioner's decision denying Plaintiff's application for disability benefits: (1) a lack of substantial evidence to support the RFC due to the ALJ's selective review of the medical record and failure to consider significantly probative evidence and (2) error in the credibility analysis through a reliance on minimal daily activities and a mischaracterization of the record. (ECF No. 17). The District Court adopted the recommendation and remanded the case for further administrative proceedings. (ECF No. 19). With the remand, Ms. Whelan is considered the "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

Defendant contends that the government's position was substantially justified because there could have been a "genuine dispute" regarding whether substantial evidence had supported the ALJ's decision with regard to the Plaintiff's fibromyalgia, headaches, and credibility. (ECF No. 23:4-8). In doing so, Ms. Colvin correctly argues that a lack of substantial evidence at the administrative level does not necessarily equate with a lack of substantial justification for the government's position in defending an application for EAJA benefits. (ECF No. 23:3-4). *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) ("a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."). However, Defendant's argument ignores the fact that the ALJ committed three legal errors in the administrative decision: (1) selective review of the medical evidence in consideration of Plaintiff's fibromyalgia, (2) improper reliance on minimal daily activities in discounting Ms. Whelan's credibility, and (3) mischaracterization of the record in discounting Plaintiff's credibility.

The District Court noted these errors in the order adopting the Report and Recommendation[1] and the errors preclude a finding that the government's position was reasonable or otherwise substantially justified. First, the prohibition against selective review is well established in the law. *See Clifton v. Chater,* 79 F.3d 1007, 1009–10 (10th Cir. 1996) (stating that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Second, the ALJ may not

---

[1] (ECF No. 19:2-3).

rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. *Frey v. Bowen*, 816 F.2d. 508, 517 (10th Cir. 1987). Finally, the Tenth Circuit Court of Appeals has held that the government's position was not substantially justified under circumstances where the ALJ had mischaracterized the evidence in assessing Plaintiff's credibility, despite the fact that a genuine dispute might exist regarding whether substantial evidence had supported the credibility findings. *See Sitsler v. Astrue*, No. 08-CV-592-PJC, 2011 WL 1694452, at *1 (N.D. Okla. May 4, 2011).

As previously noted, the test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The ALJ's failure to follow well-established law prevents his decision from having a reasonable basis in law and fact, despite the fact that a genuine dispute may have existed regarding whether substantial evidence supported the administrative decision. Accordingly, Plaintiff is entitled to recover fees under the EAJA.

### III. AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified at the administrative level. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

The Plaintiff seeks an attorney fee award of $7,071.20, calculated as follows: 38.65 hours of work performed by her attorney in 2015 at a rate of $188.00 per hour and 2.5 hours of paralegal work performed in 2015 at the rate of $110.00 per hour.

(ECF No. 21). Plaintiff's attorney has provided a detailed breakdown of time expended in representing Ms. Whelan, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Ms. Whelan has requested an upward adjustment of the statutory rate and has provided supporting documentation in the form of a letter dated March 24, 2015, from the Office of the General Counsel of the Social Security Administration. (ECF No. 22-1). This letter shows that for 2015, the authorized maximum hourly rate for attorney work in Oklahoma was $188.00. (ECF No. 22-1). Based upon the record before the Court and the lack of objection by the Commissioner regarding the reasonableness of the amount requested, the undersigned finds that the Plaintiff is entitled to her requested attorney fee award of $6,796.20 and paralegal costs of $275.00 for a grand total of $7,071.20.[2] Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[2] In addition to the statutorily authorized attorney's fee, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $110.00 and Ms. Colvin has not objected. Therefore, the Court should conclude that this hourly rate is reasonable and within the acceptable prevailing market rate.

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the Court should **GRANT** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of $7,071.20.

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 17, 2016**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 3, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE