IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KAREN WHELAN, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-15-129-R
 )
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
 )
    Defendant. )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin that Plaintiff Karen Whelan be awarded attorney fees in the amount of $7,071.20 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. No. 25). Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration, filed an Objection to Report and Recommendation (Doc. No. 26). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, the district court makes a *de novo* determination of that portion of the Report. 28 U.S.C. § 636(b)(1)(C).

Having reviewed *de novo* the Magistrate's Report and Recommendation, the Court concurs with Judge Erwin and ADOPTS his Report and Recommendation in its entirety for the reasons discussed below.

1

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A). Plaintiff is a prevailing party by way of the Judgment entered by the Court on Feb. 12, 2016 (Doc. No. 20) reversing the decision of the Defendant denying disability insurance benefits to Plaintiff. *See Shalala v. Schaefer*, 509 U.S. 292, 297−298 (1993) (judgment affirming or reversing Commissioner's grant or denial of request for Social Security disability benefits confers prevailing party status). Because Plaintiff is the prevailing party and the Court finds no special circumstances making an award unjust, she is entitled to attorney fees unless the United States was substantially justified in its decision to deny her benefits.[1] "Substantial justification" is a question of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

Here, the Court agrees with the Magistrate's Report and Recommendation that the Defendant was not substantially justified in its decision to deny Plaintiff her Social Security benefits. The Defendant selectively reviewed medical evidence when considering Plaintiff's medical condition. Such selective review is prohibited by law. *Clifton v. Chater*, 79 F.3d 1007, 1009−10 (10th Cir. 1996). Further, the Defendant inappropriately relied on the Plaintiff's ability to complete

---

[1] Though any attorney fees awarded must be reasonable in their amount, the Defendant has not objected to the reasonableness of the requested fee.

minimal daily activities as evidence that she did not suffer disabling pain. That "reliance on [Plaintiff's] 'daily activities' to undercut [her] allegation of pain is misplaced." *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987). And finally, Defendant mischaracterized the evidence in discounting Plaintiff's credibility. This mischaracterization runs counter to established law. *See, e.g., Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993) (reversing district court's decision affirming denial of disability benefits because the "ALJ built his factual basis by taking Plaintiff's testimony out of context and selectively acknowledging parts of her statements while leaving important segments out").

For these reasons, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety and awards EAJA fees in the amount of $7,071.20. Further, if attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of September, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE